# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE M. HUBBARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA STATE<br>PRISON-CORCORAN, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:14-cv-01439-AWI-SKO (PC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION, WITH PREJUDICE, AND STRIKING IN FORMA PAUPERIS APPLICATION<br><br>(Docs. 11 and 12) |

　　　Plaintiff Zane M. Hubbard, # F48741, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 21, 2014, in the United States District Court for the District of Columbia.[1]  The case was transferred to this court on September 15, 2014, and on October 1, 2014, the court denied Plaintiff's motion to proceed in forma pauperis and dismissed the case, without prejudice, pursuant to 28 U.S.C. § 1915(a).[2]  On October 29, 2014, Plaintiff filed a motion for reconsideration and a second motion for leave to proceed in forma pauperis.

　　　Federal Rule of Civil Procedure 60(b)(6) allows the court to relieve a party from an order for any reason that justifies relief.[3]  Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist.

---

[1] The California Department of Corrections and Rehabilitation Inmate Locator website lists two Zane M. Hubbards in the custody: Zane Molina Hubbard, #F48741, and Zane Martrell Hubbard, #F87832.

[2] In his complaint, Plaintiff sued California State Prison-Corcoran Warden Connie Gipson, President Barack Obama, the United States District Court for the Eastern District of California, and the Federal Bureau of Investigation. (Comp., p. 4.) Plaintiff's claim arose out of his dissatisfaction with the responses he has received to his other civil cases, and he sought review of his "Enemy Combatant Status Review Tribunal Determination in the U.S. Court of Appeals for the D.C. Circuit;" review of his amended complaint in case number 1:14-cv-00042-LJO-JLT *Hubbard v. Gipson* and the relief sought therein; and further justice as the D.C. Circuit deemed necessary. (*Id.*, p. 5.) Based on the nature of his allegations, Plaintiff did not meet the imminent danger exception to section 1915(g), and this case was dismissed, without prejudice to re-filing accompanied by the $400.00 filing fee. *Andrews v. Cervantes*, 493 F.3d 1047, 1055-56 (9th Cir. 2007).

[3] The other subsections of Rule 60(b) are not applicable.

1  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted).  The
2  moving party must demonstrate both injury and circumstances beyond his control.  *Id.* (quotation
3  marks and citation omitted).  Further, Local Rule 230(j) requires, in relevant part, that Plaintiff
4  show "what new or different facts or circumstances are claimed to exist which did not exist or
5  were not shown upon such prior motion, or what other grounds exist for the motion," and "why
6  the facts or circumstances were not shown at the time of the prior motion."

7  "A motion for reconsideration should not be granted, absent highly unusual circumstances,
8  unless the district court is presented with newly discovered evidence, committed clear error, or if
9  there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos
10 Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations
11 omitted, and "[a] party seeking reconsideration must show more than a disagreement with the
12 Court's decision, and recapitulation . . . " of that which was already considered by the Court in
13 rendering its decision," *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001)
14 (internal quotation marks and citation omitted).

15 Plaintiff's motion for reconsideration is based on nothing more than his mere disagreement
16 with the court's determination that he did not meet the imminent danger exception to section
17 1915(g).  Given the claims asserted in Plaintiff's complaint, he was not entitled to proceed in
18 forma pauperis, and his motion sets forth no grounds entitling him to reconsideration of that
19 ruling.

20 Accordingly, Plaintiff's motion for reconsideration, filed on October 29, 2014, is
21 HEREBY ORDERED DENIED, with prejudice, and his motion for leave to proceed in forma
22 pauperis is STRICKEN from the record.

IT IS SO ORDERED.

Dated:  November 15, 2014                    _____
                                              SENIOR DISTRICT JUDGE